

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00064-CV

---

IN RE JANET MCGINN

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Relator Janet McGinn, proceeding pro se, petitions for mandamus relief against the trial court. McGinn contends that, on June 27, 2025, and without her agreement, the trial court permitted her counsel to withdraw. McGinn sought a continuance of an upcoming hearing, which was denied. Hearing is scheduled for July 25, 2025. On July 22, 2025, McGinn petitioned this Court for mandamus relief in the same underlying matter, and on July 24, 2025, this Court issued its memorandum opinion in cause number 06-25-00062-CV, in which McGinn's petition was denied for failure to comply with numerous rules of Texas appellate procedure.

McGinn again petitions this Court to stop the trial court from proceeding with a hearing scheduled for tomorrow, July 25, 2025. Because McGinn failed to comply with the Texas Rules of Appellate Procedure, we deny the mandamus petition.[1]

Rule 52.7(a)(1) states that a "[r]elator must file with the petition . . . a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(B) states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Here, the mandamus record and appendices are not accompanied by an affidavit and, while some documents have been provided, a record of the proceedings related to the complained-of denial of McGinn's motion for continuance is absent from the record. Moreover, there is no certified or

---

[1]In conjunction with the petition for a writ of mandamus, McGinn filed an emergency motion for a stay of the trial court's proceedings. Because we deny the petition, that motion is also denied.

sworn copy of the order denying McGinn's motion for continuance. As a result, documents material to McGinn's petition are neither certified nor sworn.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Landstar Ranger, Inc.*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.—Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.) (alteration in original) (quoting *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *Id.* (quoting *In re Long*, 607 S.W.3d at 446) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). Here, McGinn has failed to provide us with a sufficient record because several of the documents attached to the petition do not comply with Rules 52.3(k)(1)(B) or 52.7(a)(1).

As a result, we deny the petition for a writ of mandamus.


Charles van Cleef
Justice

Date Submitted:    July 24, 2025
Date Decided:    July 24, 2025